IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 1:06cv01811 ) |
| INTERNAL REVENUE SERVICE, | ) Hon. Judge Lamberth ) |
| Defendant. | ) ) ) |

## ANSWER

The Internal Revenue Service (IRS), by and through undersigned counsel, responds to the allegations contained in the Plaintiffs' Complaint as follows:

### FIRST DEFENSE

To the extent the IRS is in possession of responsive documents, such documents are exempt from disclosure pursuant to FOIA Exemptions 3, 5, or 7.

### SECOND DEFENSE

Plaintiffs are not entitled to costs or attorneys' fees.

### THIRD DEFENSE

For its further answer, defendant Internal Revenue Service responds as follows to the numbered paragraphs of plaintiffs' complaint:

1. Admits this is an action under the Freedom of Information Act. The remaining allegations of paragraph 1 are denied.

2. Paragraph 2 is a statement of relief sought not requiring a response. To the extent a response is required, the allegations are denied.

2072382.1

3.  Admits.

4.  Admits first sentence of paragraph 4. Without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 4.

5.  Without sufficient information or knowledge to admit or deny.

6.  Paragraph 6 are statements not requiring a response. To the extent a response is required, the allegations of paragraph 6 are denied.

7.  Without sufficient information or knowledge to admit or deny.

8.  Admits the first sentence. Admits that the Internal Revenue Service is responsible for fulfilling plaintiff's FOIA request only to the extent non-exempt documents are within its possession and control. The remaining allegations of paragraph 8 are denied.

9.  Admits.

10. Admits.

11. Admits.

12. Admits.

13. Admits.

14. Admits that 5 U.S.C. §552(a)(4)(F) provides a system to "determine whether disciplinary action is warranted." The remaining allegations of paragraph 14 are denied.

15. Admits the Service initiated investigations in 2004 and 2005 of entities organized under 26 USC §501(c)(3) to determine whether the organizations had complied with the Internal Revenue Code prohibition against political campaign intervention. The remaining allegations are denied.

16. Denies, except admits that Exhibit B is a true and correct copy of what it purports to be.

17. Denies, except admits that Exhibit C is a true and correct copy of what it purports to be.

18. Denies, except admits that Exhibit D is a true and correct copy of what it purports to be.

19. Denies the first sentence. Without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 19.

20. Admits a letter was received from Adam Schiff and Walter Jones. Without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 20.

21. Admits first sentence. The remaining allegations are statements not requiring a response. To the extent a response is required the allegations are denied.

22. Admits.

23. Admits.

24. Admits.

25. Admits first sentence. The remaining allegations are denied. Avers that section 6103 prohibits the disclosure of return information of exempt organizations except where specifically authorized by other provisions of Title 26 of the U.S. Code.

26. Admits.

27. Admits.

28. Defendant realleges and incorporates by reference its responses to paragraphs 1 through 27.

29. Admits.

30. Denies.

31. Denies.

32. Denies.

33. Defendant realleges and incorporates by reference its responses to paragraphs 1 through 32.

34. Admits plaintiff properly filed an appeal with the Service. The remaining allegations of paragraph 34 are denied. Avers that no IRS document entitled "IRS Rev. 04-2006" exists.

35. Admits the Service has not responded within the time prescribed by 5 USC §552(a)(6)(A)(ii).

36. Admits the Service has not responded within the time prescribed by 5 USC §552(a)(6)(A)(ii). The remaining allegations are denied.

WHEREFORE, having fully responded to plaintiff's Complaint For Declaratory Judgment And Injunctive Relief, the Internal Revenue Service prays that this Court dismiss the complaint with prejudice, grant to the Internal Revenue Service its costs of defense, and grant such other relief as may be deemed just and proper under the circumstances.

DATE: December 8, 2006.

/s/ Michael J. Martineau

_____
MICHAEL J. MARTINEAU
JOSHUA D. SMELTZER
Trial Attorneys, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6483

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

    IT IS CERTIFIED that the foregoing Internal revenue Service's ANSWER was caused to be served upon plaintiff's counsel on the 8th day of December, 2006, in accordance with the Court's ECF Procedures, and by depositing a copy thereof in the United States mail, postage prepaid, addressed as follows:

        Anne L. Weismann
        Kimberly D. Perkins
        Citizens for Responsibility and
        Ethics in Washington
        1400 Eye Street, N.W., Suite 450
        Washington, D.C. 20005

        /s/ Michael J. Martineau
        _____
        MICHAEL J. MARTINEAU

2072382.1